**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 5, 2015**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| **v.** | **GRAND JURY ORIGINAL** |
| **JORGE FAUSTO,**<br>**also known as "Bones,"**<br>**also known as "Smokey Bones,"**<br>**CESAR MACEDA,**<br>**also known as "Cesar Lopez-Maceda,"**<br>**also known as "Carlos Maceda-Lopez,"**<br>**also known as "Carlos Lopez,"**<br>**also known as "Jose Arzate,"**<br>**also known as "Antonio Hernandez,"**<br>**also known as "Frosty,"**<br>**also known as "Frost,"**<br>**also known as "Too Short,"**<br>**JAMES DURRETTE,**<br>**also known as "Jay Durrette,"**<br>**also known as "Gray Briggs,"**<br>**GERALD TUCKER,**<br>**also known as "Unc,"**<br>**BRADLEY COBBLER,**<br>**also known as "B-Rad,"**<br>**JAMES WILLIAMS,**<br>**also known as "Jimmy,"**<br>**JACQUES YEAGAR,** | **UNDER SEAL**<br><br>**VIOLATIONS: 21 U.S.C. § 846**<br>**(Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, Five Hundred Grams or More of Cocaine, and One Hundred Kilograms or More of Marijuana)**<br>**18 U.S.C. § 1951**<br>**(Conspiracy to Interfere with Interstate Commerce by Robbery)**<br><br>**CRIMINAL FORFEITURE:**<br>**18 U.S.C. § 981(a) (1)(C);**<br>**21 U.S.C. § 853(a), (p); and**<br>**28 U.S.C. § 2461(c)** |
| **Defendants.** | |

## I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

Between in or about January 2009, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including in or about August 2014, within the District of Columbia, the States of Maryland and California, and elsewhere, defendants **JORGE FAUSTO**,

also known as “Bones” and “Smokey Bones,” **CESAR MACEDA**, also known as “Cesar Lopez-Maceda,” “Carlos Maceda-Lopez,” “Carlos Lopez,” “Jose Arzate,” “Antonio Hernandez,” “Frosty,” “Frost,” and “Too Short,” **JAMES DURRETTE**, also known as “Jay Durrette” and “Gray Briggs,” **GERALD TUCKER**, also known as “Unc,” **BRADLEY COBBLER**, also known as “B-Rad,” and **JAMES WILLIAMS**, also known as “Jimmy,” did knowingly and willfully combine, conspire, confederate and agree together, and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance; a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as power cocaine, a Schedule II narcotic drug controlled substance; a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vii).

Quantity of Heroin, Cocaine, and Marijuana Involved in the Conspiracy:

With respect to defendant **JORGE FAUSTO**, also known as “Bones” and “Smokey Bones,” his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); one hundred grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); and one hundred kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

With respect to defendant **CESAR MACEDA**, also known as "Cesar Lopez-Maceda," "Carlos Maceda-Lopez," "Carlos Lopez," "Jose Arzate," "Antonio Hernandez," "Frosty," "Frost," and "Too Short," his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); five hundred grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); and less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

With respect to defendant **GERALD TUCKER**, also known as "Unc," his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i), and less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

With respect to defendant **JAMES DURRETTE**, also known as "Jay Durrette" and "Gray Briggs," his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one hundred grams or more of a mixture and substance

containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

With respect to defendant **BRADLEY COBBLER**, also known as "B-Rad," his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved five hundred grams and more of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

With respect to defendant **JAMES WILLIAMS**, also known as "Jimmy," his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one hundred grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

(**Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, Five Hundred Grams or More of Cocaine, and One Hundred Kilograms or More of Marijuana**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

Between in or about January 2009 and August 2014, the exact dates being unknown to the Grand Jury, within the District of Columbia, the State of Maryland, and elsewhere, defendants **JAMES DURRETTE**, also known as "Jay Durrette" and "Gray Briggs," **GERALD TUCKER**, also known as "Unc," **BRADLEY COBBLER**, also known as "B-Rad," and **JACQUES YEAGAR**, did knowingly and willfully combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants and other persons did unlawfully combine, conspire, confederate and agree to take United States currency and other items of value (including narcotics and cash from narcotics sales) from other individuals involved in, or suspected to be involved in, distribution of controlled substances, against the owners' will by means of actual or threatened force, violence, and fear of injury, immediate and future, to their persons.

(**Conspiracy to Interfere with Interstate Commerce by Robbery,** in violation of Title 18, United States Code, Section 1951)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendants

equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2. Upon conviction of the offense alleged in Count Two, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Sections 853(a), (p) and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.